UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                              Case No. 8-15-09065-CPM
                                                    Chapter 7
JOLANTA ZASADNA

Debtor/

## CHAPTER 7 TRUSTEE'S APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND CENTURY 21 BEGGINS TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. §§327, 328 AND 330

STEPHEN L. MEININGER, as Chapter 7 Trustee (the "Trustee") for the above referenced debtor(s) (together, the "Debtor"), by and through the undersigned counsel, files this Application for entry of an order authorizing retention of (1) BK Global Real Estate Services ("BKRES") under the terms set forth in the agreement (the "BKRES Agreement") attached to BKRES' Affidavit of Disinterestedness (the "BKRES Affidavit") and (2) Century 21 Beggins ("Listing Agent") under the terms of the agreement (the "Listing Agreement") attached to Listing Agent's Affidavit of Disinterestedness (the "Listing Agent Affidavit"). In support thereof, the Trustee respectfully states as follows:

### PRELIMINARY STATEMENT

Trustee requests approval to retain BKRES and Listing Agent, at no cost to the estate, to negotiate with and persuade the first lienholder on certain real property in which the estate has no equity to (1) allow Trustee to sell such property at the highest price that the market will bear, (2) waive the resulting deficiency claim and (3) pay a 11 U.S.C. § 506 surcharge to provide a carve out for the benefit of the estate and pay all other sale expenses, including a 6% brokerage commission that will be shared equally by BKRES and Listing Agent only upon the closing of a sale that is approved by this Court.

BKRES and its affiliates have proprietary technology and a national team of experienced loan servicing specialists, asset managers, negotiators, trustee relation managers, real estate brokers and agents, closing specialists and attorneys with extensive experience in procuring the consent of mortgage lenders and servicers to sell over-encumbered properties and provide significant cash recoveries to selling estates with no equity, through the Consented Sale™ process described herein.

The proposed agreements are attached and provide that BKRES and Listing Agent will not be entitled to any compensation from the estate whatsoever under any circumstances. They will only receive and share a customary brokerage commission that is paid by secured creditor as an 11 U.S.C. § 506 surcharge approved by this Court.

The Trustee (1) believes that hiring BKRES and Listing Agent to pursue a Consented Sale™ will likely result in secured creditor paying a carve out for the benefit of the estate with proceeds from the public sale of an asset in which the estate has no equity and (2) expects to obtain secured creditor's agreement to a Consented Sale™, and bring a separate

motion seeking this Court's approval of the procedures, terms and conditions by which the over-encumbered property will be sold, within the coming months.

## JURISDICTION

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## BACKGROUND

3. On September 2, 2015 the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

4. Thereafter, the Trustee was appointed as the Chapter 7 trustee in this case.

5. The Trustee held and concluded the 341 meeting on October 7, 2015.

6. The Debtor is the sole owner of real property located at 3816 104th Ave Clearwater, FL 33762 (the "Property"). The Debtor has not claimed the Property as exempt and, upon information and belief, the Property is vacant.

7. The Debtor has no equity in the Property. The Debtor's schedules reflect that the Property is currently worth $166,263.00, but is subject to a first mortgage lien (the "Senior Mortgage") in favor of Bayview Loan Servicing, LLC (the "Secured Creditor") in an amount exceeding $360,428.13.

8. The Trustee, after reviewing certain materials, including (without limitation) the BK Score™[1], sales analysis report and opinion of value for the Property provided by BKRES and Listing Agent, has determined it to be in the best interest of the Debtor's estate and all creditors to negotiate to obtain Secured Creditor's agreement and consent ("Consent") to:

   a. sell the Property to whichever third party Trustee determines to have made the best qualified offer during a public sale approved by the Court;
   b. buy the Property from the Debtor's estate if (and only if) no such offer is made;
   c. release the Senior Mortgage and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and
   d. agree to a 11 U.S.C. § 506 surcharge to pay all of the expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission to BKRES and Listing Agent and reimbursement of their out-of-pocket expenses, and provide a carve out for the benefit of allowed unsecured creditors of the Debtor's estate.

9. Trustee expects BKRES and Listing Agent to obtain Secured Creditor's Consent and bring a separate motion seeking an order approving the sale of the Property (the "Motion to Approve Sale") within several months of the entry of the order sought by this Application.

10. By this Application, the Trustee requests authority pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code to (a) retain BKRES and Listing Agent to procure Secured Creditor's Consent, and (b) approve Secured Creditor's payment of the fees described below directly to BKRES and Listing Agent at closing of the sale of the Property, if and when the Consent and Motion to Approve Sale are granted.

---

[1] The BK Score™ is a 100-point rating that is generated by a proprietary algorithm from 10 unique property attributes in order to consistently measure sales confidence and predict market value.

## APPLICATION

11. Section 328(a) of the Bankruptcy Code provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327...on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage or fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 330 of the Bankruptcy Code permits the Court to "award to a trustee... or a professional person employed under section 327...(A) reasonable compensation for actual, necessary services rendered [by such party]... and (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

12. As further described in the materials attached to their affidavits, BKRES[2] and Listing Agent have extensive experience obtaining the consent and agreement of mortgage lenders and servicers to the sale of their collateral and resolution of any resulting unsecured claims in order to produce a recovery for estates from over-encumbered assets in which the estate has no equity.

13. The Trustee believes that the highest and best value for the Property will be generated through a sale in which the Property is widely marketed to the public and offered at the highest price that the market will bear. The Trustee further believes that such a sale is in the best interest of the Debtor's estate, but can only be achieved if Secured Creditor's Consent is first obtained. That is why the Trustee believes that retaining BKRES and Listing Agent to obtain Secured Creditor's Consent is in the best interests of the Debtor's estate.

14. In no event will the estate have any obligation to pay BKRES or Listing Agent. The terms of the BKRES Agreement and Listing Agreement provide that BKRES and Listing Agent are only entitled to payment if and when (a) Secured Creditor grants its Consent, (b) the Motion to Approve Sale is granted and (c) the Property is sold, in which event BKRES and Listing Agent will receive and share a 6% real estate brokerage commission at closing in accordance with the order approving the sale.

15. BKRES and Listing Agent will not be entitled to any fees if Secured Creditor does not grant its Consent or the Court does not grant the Motion to Approve Sale.

16. The Trustee submits that the terms of employment and compensation as set out in the BKRES Agreement and Listing Agreement are reasonable in light of the extensive experience of BKRES and Listing Agent and the nature of the services they provide.

17. BKRES attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a). Attached hereto is an Affidavit of Disinterestedness of BKRES. BKRES also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than Listing Agent.

18. Listing Agent attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a). Attached hereto is an Affidavit of Disinterestedness of Listing Agent. Listing Agent also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than BKRES.

## CONCLUSION

For the foregoing and all other necessary and proper purposes, the Trustee seeks the Court's authority to retain BKRES and Listing Agent in this case, and requests that the Court approve the

---

[2] BKRES is the broker affiliate of BK Global (http://www.bkginc.com/).

compensation arrangements set forth in the BKRES Agreement and Listing Agreement pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code.

Date: January 4, 2016

By: _____
Stephen L. Meininger
Chapter 7 Trustee
707 North Franklin Street
Suite 850
Tampa, FL 33602

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing Chapter 7 Trustee's Application To Retain Bk Global Real Estate Services And Century 21 Beggins To Procure Consented Public Sale Pursuant to 11 U.S.C. §§327, 328, And 330 has been furnished by U.S. Mail and/or the Court's CM/ECF system to the **ASST. U.S. TRUSTEE,** 501 E. Polk St., #1200, Tampa, FL 33602, Stephanie Givens, 2000 Est Lamar Blvd., Suite 710, Arlington, TX 76006; Jaci Stone, 6542 US Highway 41, Apollo Beach, FL 33572 and on this 4th day of January, 2015.

_____
Stephen L. Meininger, Chapter 7 Trustee
707 North Franklin Street
Suite 850
Tampa, Florida 33602
(813) 301-1025

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF CALIFORNIA

In re:                                             :     Chapter 7
                                                   :
                                                   :     Case No. 15-09065
                                                   :
                                                   :
Debtor                                             :
JOLANTA ZASADNA                                    :
                                                   :
                                                   :

### DECLARATION OF STEPHANIE GIVENS IN SUPPORT OF APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND CENTURY 21 BEGGINS TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. § 327, 328 AND 330

The undersigned, Stephanie Givens ("Declarant") hereby states:

1. I am employed by BK Global Real Estate Services ("Applicant" or "BKRES"), which is an entity duly licensed as a real estate brokerage by the State of Texas located at 2000 E. Lamar Blvd., Suite 710, Arlington, Texas 76006. I am Applicant's broker-in-charge and am authorized by Applicant to submit this Declaration on Applicant's behalf in support of the annexed Application to Retain BKRES and in accordance with Bankruptcy Rule 2014 and Local Rule _____.

2. Based upon the information discussed below, I believe that Applicant is a disinterested person and does not hold or represent any interest adverse to the interest of the Debtor's estate as that term is defined in Section 101(14) of the Bankruptcy Code.

3. To the best of my knowledge: (a) neither BKRES nor any of its employees has any connection with the Debtor, its creditors in this case, the Chapter 7 Trustee, the Office of the United States Trustee, or any employees thereof or any party in interest herein; (b) BKRES and each of its employees are "disinterested persons," as that term is defined in

Section 101(14) of the Bankruptcy Code; and (c) neither BKRES nor any of its employees hold or represent an interest adverse to the Debtor's estate.

4. A description of the qualifications of, and services provided by, BKRES is attached as <u>Schedule 1</u>.

5. That I have read the application of the Trustee regarding the retention and compensation of BKRES and agreed to be bound by the terms and conditions represented therein.

6. That I further understand that the Court, in its discretion, may alter the terms and conditions of employment and compensation, as fully set forth in the BKRES Agreement that is attached as <u>Schedule 2</u> hereto, as it deems appropriate.

Verified under penalty of perjury that the foregoing is true and correct this ___ day of October, 2015.

*[signature]*
Stephanie Givens
Corporate Broker

The foregoing instrument was acknowledged before me this ___ day of October, 2015, by Stephanie Givens who provided identification or is personally known to me and who aid take an oath.

*[signature]*
Notary Public-State of Texas

My commission expires



CECILY MARIE LARD
Notary Public, State of Texas
My Commission Expires
August 06, 2019

## SCHEDULE 1

### STATEMENT OF QUALIFICATIONS AND SERVICES OF BKRES

<u>BK Global™</u>

BK Global™ is a national company with a bankruptcy service platform containing a network of certified BK real estate Brokers and Agents, a national marketplace for listing and submitting bankruptcy real estate purchase offers (www.bankruptcylistings.com), and a centralized team of loan servicing specialist that enable Federal Trustees to streamline and manage their real estate needs most effectively for the benefit of the bankruptcy estate and unsecured creditors. By integrating its unique services and implementing its proprietary tools, BK Global is poised to create industry standards and efficiencies.

<u>Consented Sale™</u>

A Consented Sale™ is an "enhanced" agreement between all requisite stakeholders, the most important being the lender/servicer, of a residential or commercial property for less than what the owner still owes on the mortgage. A Consented Sale™ is a beneficial alternative to foreclosure when a homeowner needs to sell and can no longer afford to make their mortgage payments. The lender agrees to accept less than the amount owed to pay off a loan now rather than taking the property back by foreclosure and trying to sell it later. Lenders agree to a Consented Sale™ because they believe it will net them more money than going forward with a lengthy and costly foreclosure process.

A Consented Sale™ is an "enhanced" short sale and BK Global™ is able to obtain pre-consent by utilizing its proprietary BK Score™ system that analyzes and provides lenders an immediate evaluation of the value of the property and its probability for sale. In addition, BK Global™ is able to agree with lenders/servicers on a strike price for each property, and utilize its national www.bankruptcylistings.com marketplace for listings and online offer management platform.

<u>BK Score™</u>

BK Score™ is generated from a finite set of data points in a prescribed sequence to achieve a resulting score between the values of 1 and 100. The BK Score™ is shared with trustees, servicers, courts, and software management platforms and indicates the likelihood that an asset in a bankruptcy is qualified for consented disposition. The higher the BK Score™ there is a better chance to sell the property. In addition to the presented scores, BK Global provides the trustee a solution to sell the asset which maximizes the benefit to the estate. BK Global™ is at the forefront of creating new industry standards for trustee services.

To consistently measure and predict market value of real estate assets nationally, in an ever changing and fluid real estate market, it is important to have a well-defined methodology that explains how values are derived. The BK Score™ uses multiple data points to predict sales confidence compared to the limited local market inputs used by real estate brokers who are not certified in short sales. BK Score™ incorporates a number of unique methodology questions that include the data points listed below.

Highlighted BK Score™ Data Points

- Asset Value / Liabilities / Liens
- Judicial / Non-judicial State Analysis
- Pro Se (Professional Legal Representation)
- Title Search
- Statement of Intent by Debtor
- Foreclosure Timeline Analysis
- Redemption Period Analysis
- Community / Non-community Asset
- Asset Valuation Model (AVM)

### BK Score™ Core Benefits

**Increased Confidence of a Consented Short Sale** – BK Score™ gives lenders, servicers and real estate professionals more precise information on which to determine baseline sales values to achieve a successful consented short sale.

**Accelerates the Short Sale Decision Process** – Technology that utilizes scoring systems allows lenders/servicers to make instant valuation and sales consent decisions. This is notable as applications for consented sale of property can be approved by lenders/servicers in hours rather than weeks for sales values which score above a lender's score cutoff.

**Reduces Risk of Completing a Cooperative Short Sale** – There are certain barriers to a short sale. Servicers are frequently wary of short sale offers because of concerns that they are settling the debt at too low a price. Greater probability that servicers will consent to a short sale is made possible thanks to BK Score™. The BK Score™ empowers any lender/servicer to quickly set a cut off price and begin the short sale process, without time-consuming phone calls, faxed documents, or any effort from the agent or trustee.

**Increases Transaction Transparency** – BK Global™ is integrated with most major lender/servicers nationally. The BK Score™, which has revolutionized the default servicing industry, helps servicers select and execute optimal baseline valuations based on measurable guidelines while driving efficiency, fostering transparency and facilitating compliance. With the use of BK Score™ agents and trustees can quickly collaborate and determine an appropriate list price that allow agents to begin pursuing sales offers with confidence.

The BK Score™ algorithm has been developed by industry experts that have over 30 years of experience in Distressed Real Estate and Bankruptcy Sales. To date, over 2 years of bankruptcy assets have been analyzed and scored using the BK Global Scoring system. BK Score™ is a trademark pending registration with the US Trademark and Patent Office.

BK Search™

BK Search™, powered by the leading national investigation firm Interfor Inc., enables trustees in the BK Global™ program to perform nationwide searches on all potential assets in bankruptcy. Trustees will receive an extremely valuable initial report prior to their 341(a) meeting, which will allow them to question uncovered assets. Interfor is a US based international investigation

and security consulting firm specializing in comprehensive intelligence services to the legal, corporate, financial communities and individuals. The company is staffed by highly skilled investigators and fraud examiners, many of whom have been associated with government, defense, and intelligence agencies worldwide, including the United States CID, CIA, DEA and FBI agencies. Interfor is fully licensed and operates in the United States, Europe, the Middle East, the Americas, Africa and Asia. The investigators are also supported by a sophisticated research division using state-of-the-art technology.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF CALIFORNIA

In re:  Case No. 15-09065
Chapter 7

JOLANTA ZASADNA

_____Debtor_____/

AFFIDAVIT OF JACI STONE IN SUPPORT OF APPLICATION
TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND CENTURY 21 BEGGINS
TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. § 327, 328 AND
330

STATE OF FLORIDA )
)
COUNTY OF PINELLAS )

Jaci Stone, being duly sworn, says:

1. I am a real estate agent duly licensed by the State of Florida.

2. I am an agent of Century 21 Beggins, a Florida Corporation, with the corporate offices located at 6542 US Highway 41, Apollo Beach, FL 33572 ("Listing Agent").

3. I am familiar with the Application to Retain Century 21 Beggins, filed by the Trustee ("Application") and the property described therein.

4. I believe that I am experienced and qualified to represent the Trustee in connection with the marketing and sale of the real property located at **3816 104th Ave Clearwater, FL 33762** (the "Property").

5. Century 21 Beggins has agreed to accept employment pursuant to the terms and conditions set forth in the Application and the proposed commission structure. Based upon my experience and knowledge of the real estate market, I believe that the commission structure proposed to be paid to Listing Agent does not exceed customary commissions in the applicable geographical area and are reasonable for the type of employment proposed.

6. Neither I nor any member of Listing Agent hold or represent any interest adverse to the estate with respect to the matters for which we are to be employed and we are disinterested persons within the meaning of 11 U.S.C. § 101(14), as required by § 327(a).

7. To the best of my information and belief, neither I nor the other members of this firm have any connection with the Debtors, their creditors, or any other party in interest or their respective attorneys or accountants, the U. S. Trustee, or any person employed in the office of the U.S. Trustee, as required by Rule 2014 of the Federal Rules of Bankruptcy procedure except as set forth below.


8. I represent no interest adverse to the Debtors or its estate in the matters upon which I am to be engaged.

FURTHER AFFIANT SAYETH NAUGHT.

JACK STONE of
CENTURY 21 BEGGINS

The foregoing instrument was sworn to and subscribed before me this 23 day of October, 2015.

NOTARY PUBLIC

EILEEN G ELETTO
Notary Public - State of Florida
My Comm. Expires Jan 13, 2017
Commission # EE 838468
Bonded Through National Notary Assn.

Notary Public, State of Florida

Eileen G Eletto
Type, Stamp, or Print Name as Commissioned