UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

                                          Case No.: 8:15-bk-09065-CPM

Jolanta Zasadna                                     Chapter  7

                Debtor(s).
_____/

**NOTICE OF HEARING**

     A PRELIMINARY HEARING in this case will be held on June 20, 2016 at 1:30 p.m. in Courtroom  8B  Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Tampa, FL, 33602, before the Honorable Catherine Peek McEwen, United States Bankruptcy Judge, to consider this matter and transact such other business that may come before the court.

1. The hearing may be continued upon announcement made in open Court without further notice.
2. <u>Appropriate Attire.</u> You are reminded that Local Rule 5072−1(b)(16) requires that all persons appearing in Court should dress in business attire consistent with their financial abilities. Shorts, sandals, shirts without collars, including tee shirts and tank tops, are not acceptable.
3. <u>Avoid delays at Courthouse security checkpoints</u>. You are reminded that Local Rule 5073−1 **restricts the entry of cellular telephones** and, except in Orlando, computers into the Courthouse absent a specific order of authorization issued beforehand by the presiding judge. Due to heightened security procedures, persons must present photo identification to enter the Courthouse.

Dated:  May 17, 2016

                                            Respectfully submitted,

                                            <u>/s/ Richard M. Dauval, Esq.</u>
                                            Richard M. Dauval, Esq.
                                            Florida Bar No. 664081
                                            Leavengood, Dauval,  Boyle & Meyer, P.A.
                                            3900 1st Street North, Suite 100
                                            Saint Petersburg, FL  33703
                                            727-327-3328
                                            rdauval@leavenlaw.com
                                            Attorney for Trustee

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

                                                   Case No.: 8:15-bk-09065-CPM

Jolanta Zasadna                                            Chapter  7

DEBTOR(S).
_____

**MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS,
ENCUMBRANCES AND INTERESTS WITH CONSENT OF ALL LIENHOLDERS
(3816 104th Ave N, Clearwater, FL 33762)**

      COMES NOW Stephen L. Meininger, Chapter 7 Trustee, by and through his undersigned counsel, and hereby moves for authority to sell certain improved real property free and clear of all liens, encumbrances and interests, and in support thereof states as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) (2) (A), (M), (N) and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein are, *inter alia*, 11 U.S.C. §§ 105, 363(b) and Federal Rules of Bankruptcy Procedure 2002 and 6004.

**BACKGROUND**

4. On September 3, 2015, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

5. Stephen L. Meininger was appointed Chapter 7 trustee (the "Trustee").

6. The Debtor owns real property, by virtue of a deed, located at 3816 104th Ave N, Clearwater, FL 33762, more particularly known as Lot(S) 61, of Water Side at the Lake,

1

as Recorded in Plat Book 102, Page 79 Et Seq., of the Public Records of Pinellas County, Florida (the "Property").

7. The Property is encumbered by a first mortgage in favor of Bayview Loan Servicing, LLC (recorded on October 01, 2003 at O.R. Book 13110, Page 1950 dated August 27, 2003). The Property is also encumbered by a second mortgage in favor of Regions Bank (recorded on October 01, 2003 at O.R. Book 14831, Page 441 dated November 08, 2005) (hereinafter "the Lienholders"). Combined the two mortgage liens total more than $358,835.00.

8. The Property is also encumbered by a default judgement filed on March 26, 2013 by plaintiff Regions Bank for an amount equal to the second mortgage.

9. The Trustee has accepted an offer from Marie Vukadin (the Buyer) to purchase this home in the amount of $181,200.00, as payment in full (subject to Court approval). The current offer was not the only offer on the property but is the greatest offer. Moreover, the estate believes it is a fair offer for the current economy and the length the property has remained on the market.

10. The Trustee has conducted a title search and is not aware of any other valid liens on the Property.

11. Any real property taxes will be paid prorated according to the estimate of $2,337.73.

12. The Trustee has obtained approval of the sale by the Lienholders.

13. The Trustee has attached a "DRAFT" HUD Settlement Statement that outlines the proposed distribution of the sale proceeds at closing, subject to lien holder(s) approval, as Exhibit "A."

14. The Debtor has also consented to this sale and has cooperated with the Trustee at all times during the marketing of the property and the negotiations with the lienholders.

15. The Buyer is a disinterested party, the Trustee finds her to be acting in good faith, and she should be afforded the protections under Section 363(m).

## AUTHORITY TO SELL

16. Pursuant to § 363(b)(1) of the Bankruptcy Code, a trustee, after notice and hearing, may use, sell or lease property of the estate other than in the ordinary course of business. Additionally, pursuant to § 363(f) of the Bankruptcy Code, the trustee may sell property free and clear of any interest in such property of an entity other than the estate if (i) permitted under applicable non-bankruptcy law, (ii) the party asserting such interest consents, (iii) the interest is a lien and the purchase price of the property is greater than the aggregate amount of all liens on the property, (iv) the interest is subject of a bona fide dispute, or (v) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest.

17. Section 363(f) of the Bankruptcy Code is stated in the disjunctive. Thus, it is only necessary for the Trustee to satisfy one of the five conditions of § 363(f).

18. The Trustee avers that he shall satisfy section 363(f) (2) insofar as the Lienholders, shall consent to a sale of the property under section 363(f) (2), and that he should then be authorized to sell the Property free and clear of all liens, claims, encumbrances and interests.

19. Accordingly, under section 363(f) (2), the Trustee should be authorized to sell the Property free and clear of all liens, claims, encumbrances and interests.

20. No allegation contained in this Motion or attachments thereto are intended by the Trustee as an attempt to seek approval of professional fees, trustee fees or costs. Amounts denoted for fees or benefit of creditors in the instant motion or attachments thereto are for reference only. Monies collected by the Trustee shall be deposited in an estate account and will be distributed pursuant to applicable bankruptcy law. Moreover, professional

compensation and Trustee compensation shall be sought by separate application to the Court.

## CONCLUSION

21. The Trustee, in the exercise of his business judgment, believes, and therefore avers, that the proposed sale is in the best interest of the creditors of the bankruptcy estate insofar as there is otherwise no equity in the Property, the Trustee is more familiar with the current market than other interested parties, and a sale under this motion serves the best interest of all interested parties, including the Secured Creditors. The Buyer has agreed, subject to Court approval, to pay to the Trustee the sum of $181,200.00 in exchange for the Property free and clear of all liens, encumbrances, or interests.

WHEREFORE, the Trustee moves for the entry of an Order substantially in the form attached hereto:

A. Authorizing the sale of the Property to the purchaser free and clear of all liens, encumbrances, or interests of any party; and,

B. Authorizing the Trustee to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale of the Property free and clear of all liens, encumbrances, or interests, including without limitation, executing a deed conveying the interests of the Debtor or any other party claiming an interest in the Property to the Purchaser;

C. Authorizing the Trustee and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro rated as of the closing with respect to the real property included among the purchased assets; and (b) other anticipated closing costs:

4

| | |
|---|---|
| Total Sales/Brokers Commission: | |
|    3% to Century 21 Beggins Enterprises | $ 5,436.00 |
|       Seller's Agent | |
|    3% to RE/Max Realtec Group | $ 5,436.00 |
|       Buyer's Agent | |
| Title Charges: | |
|    ServiceLink, LLC | $ 2,391.00 |
| Government recording / transfer charges | $ 1,955.10 |
| Satisfaction of Liens: | |
|    Bayview Loan Servicing, LLC | $ 121,502.01* |
|    Regions Bank | $ 18,000.00* |

*subject to per diem interest.

D. Determining that all affected interests, other than the Home Owners' Association (if any), have been adjudged and declared to be unconditionally released as to the Property;

E. Determining that the Buyer has not assumed any liabilities of the Debtor;

F. Determining that the Buyer is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code, and that the Buyer is entitled to all protections of Section 363(m) of the Bankruptcy Code, and

G. Granting the Trustee such other and further relief as is just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by U.S. Mail and/or electronic delivery to the Lien Holders: Bayview Loan Servicing, LLC c/o Cynthia Talton, Esq., cmt@mccallaraymer.com, and Regions Bank c/o President, 1900 Fifth Avenue North, Birmingham, Alabama, 35203 (certified mail), Debtor: Jolanta Zasadna, 3816 104th Avenue North, Clearwater, FL 33762-5471, Debtor's Attorney: Nick Fowler, Esquire, bankruptcy_court_service@myinjury.com, United States Trustee, ustp.region21.ecf@usdoj.gov, Chapter 7 Trustee: Stephen L. Meininger, slmeininger@earthlink.net, and all parties of interest on the Matrix this May 17, 2016.

Respectfully submitted,
 /s/ Richard M. Dauval, Esquire
Richard M. Dauval
FBN 0664801
Leavengood, Dauval, Boyle, & Meyer, P.A.
3900 1st Street North, Suite 100
Saint Petersburg, FL 33703
727-327-3328 x303

5

| American Land Title Association | ALTA Settlement Statement - Combined |
|---|---|
| | Adopted 05-01-2015 |

**ServiceLink, LLC**
**ALTA Universal ID:**
**400 Corporation Drive**
**Aliquippa, PA 15001**

| | |
|---|---|
| File No./Escrow No. : | 160055600 |
| Print Date & Time: | April 15, 2016   3:46 pm |
| Officer/Escrow Officer : | SL SoftProIncomingWires |
| Settlement Location : | 400 Corporation Drive |
| | Aliquippa, PA 15001 |
| Property Address: | 3816 104TH AVE |
| | Clearwater, FL 33762 |
| Borrower: | Marie Vukadin |
| Seller: | STEPHEN MEININGER FEDERAL BANK TRUSTEE OF THE JOLANTA ZASADNA BANKRUPTCY ESTATE |
| Lender: | |
| Settlement Date: | May 01, 2016 |
| Disbursement Date: | May 01, 2016 |

| Seller | | Description | Borrower | |
|---|---|---|---|---|
| **Debit** | **Credit** | | **Debit** | **Credit** |
| | | **Financial** | | |
| | 181,200.00 | Sale Price of Property | 181,200.00 | |
| | | | | |
| | | **Prorations/Adjustments** | | |
| 2,318.57 | | County Taxes<br>    01/01/16 - 05/01/16 | | 2,318.57 |
| | | | | |
| | | **Title Charges and Escrow/Settlement Charges** | | |
| 600.00 | | Closing Fee to ServiceLink, LLC | | |
| | | Closing Fee to ServiceLink, LLC | 475.00 | |
| 60.00 | | Deed Prep Fee to Rosenberg LPA | | |
| | | Florida Surcharge to ServiceLink, LLC | 3.28 | |
| 250.00 | | Title Search Fee to ServiceLink, LLC | | |
| 500.00 | | LIEN SEARCH to ServiceLink, LLC | | |
| 981.00 | | Owner's Title Insurance to ServiceLink, LLC<br>    Coverage:  181,200.00<br>    Premium:  981.00 | | |
| | | | | |
| | | **Commissions** | | |

Copyright 2015 American Land Title Association
All rights reserved

Page 1 of 3

File # 160055600 / 27
Printed on 04/15/16 at  3:46:01PM by 6014877

| Seller | | Description | Borrower | |
|---|---|---|---|---|
| **Debit** | **Credit** | | **Debit** | **Credit** |
| | | **Commissions (continued)** | | |
| 5,436.00 | | COMMISSION to CENTURY 21 BEGGINS ENTERPRISES | | |
| 5,436.00 | | COMMISSION to RE/MAX REALTEC GROUP | | |
| | | | | |
| | | **Government Recording and Transfer Charges** | | |
| 52.50 | | Recording Fees to ServiceLink Advance Recording Account | 258.50 | |
| 1,268.40 | | INTANGIBLE TAX to ServiceLink Advance Recording Account | | |
| 634.20 | | MORTGAGE TAX to ServiceLink Advance Recording Account | | |
| | | | | |
| | | **Payoff(s)** | | |
| 135,163.33 | | Payoff of First Mortgage Loan to BAYVIEW     Loan Payoff                   135,163.33     Total Payoff              135,163.33 | | |
| 18,000.00 | | Payoff of Second Mortgage Loan to REGIONS     Loan Payoff                    18,000.00     Total Payoff               18,000.00 | | |
| | | | | |
| | | **Miscellaneous** | | |
| 7,500.00 | | BK Estate Fee to **STEPHEN MEININGER FEDERAL BANK TRUSTEE OF THE JOLANTA ZASADNA BANKRUPTCY ESTATE** | | |
| 3,000.00 | | Relocation Incentive to **STEPHEN MEININGER FEDERAL BANK TRUSTEE OF THE JOLANTA ZASADNA BANKRUPTCY ESTATE** | | |
| | | | | |

| Seller | | | Borrower | |
|---|---|---|---|---|
| **Debit** | **Credit** | | **Debit** | **Credit** |
| 181,200.00 | 181,200.00 | **Subtotals** | 181,936.78 | 2,318.57 |
| | | **Due from Borrower** | | 179,618.21 |
| 181,200.00 | 181,200.00 | **Totals** | 181,936.78 | 181,936.78 |

**Acknowledgement**

We/I have carefully reviewed the ALTA Settlement Statement and find it to be a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction and further certify that I have received a copy of the ALTA Settlement Statement.  We/I authorize ServiceLink, LLC to cause the funds to be disbursed in accordance with this statement.

Borrower

_____

Seller

STEPHEN MEININGER FEDERAL BANK TRUSTEE OF THE JOLANTA ZASADNA BANKRUPTCY ESTATE

BY:_____

_____
SL SoftProIncomingWires
Resource Mailbox